# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEONARD TRAUT,

          Plaintiff,

v.

COREY LADWIG, TROY BYERS,
GEORGE LENZNER, EDWARD
WATERS, SMITH 935, GREGURICH,
TRAPP, ABROSIUS, LARSEN,
MCALOM, BIGLER, STELLLOH,
OKIMOSH, and SMITH 949,

          Defendants.

Case No. 26-CV-186-JPS

**ORDER**

Plaintiff Leonard Traut, a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On June 15, 2026, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed him the opportunity to file an amended complaint. ECF No. 10. On July 7, 2026, Plaintiff filed an amended complaint. ECF No. 11. This Order screens the amended complaint.

## 1. SCREENING THE AMENDED COMPLAINT

### 1.1 Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2    Plaintiff's Allegations

In his amended complaint, Plaintiff alleges that Defendants failed to protect him when he was booked in the jail and placed in general population. ECF No. 11 at 2. Defendants did not use proper procedures in

classifying Plaintiff, and he was harassed by other inmates as a result. *Id.* Staff committed an Eighth Amendment violation by failing to take reasonable measures to guarantee Plaintiff's safety. *Id.* Plaintiff was moved multiple times from January through May because he was targeted for abuse and harassed by other inmates. *Id.* Plaintiff was having ongoing issues and verbal confrontations with another inmate; Plaintiff was able to receive a court protection order. *Id.* Plaintiff was injured in an assault, and he was separated from the inmate for a short period of time. *Id.* Defendants later attempted to house Plaintiff with the inmate, but then they decided to place him in an adjacent cell instead. *Id.* Plaintiff received ongoing threats to kill him and his family. *Id.* Defendants violated the court order by placing Plaintiff in near proximity to the inmate making threats against him. *Id.*

The jail is made up of predominately white inmates and does not employ black correctional officers. *Id.* at 3. Defendants lacked proper supervision, and Plaintiff was targeted for abuse as a result. *Id.* After the assault on Plaintiff, he did not receive adequate medical treatment. *Id.* He received Tylenol and an ice pack with directions to lay down. *Id.* Plaintiff requested an X-ray, but he was denied treatment. *Id.* Plaintiff saw the jail nurse and doctor days later. *Id.* Plaintiff is diagnosed with COPD and routinely has significant breathing problems. *Id.* Plaintiff needs his rescue inhaler when he has a breathing episode. *Id.* When contacting Defendants in an emergency, it would take as long as twenty to thirty minutes for staff to arrive at his cell with the medication. *Id.* at 4. Defendants responded to Plaintiff's medical emergencies without urgency. *Id.* Plaintiff learned after his release that he has a fractured back, and he continues to have pain from his injury. *Id.*

### 1.3 Analysis

Similar to the first screening order, the Court does not find that Plaintiff's allegations rise to the level of a constitutional violation. The Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "This means that a constitutional violation inheres in a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." *Id.* (citing *Farmer*, 511 U.S. at 828). Deliberate indifference has an objective component and a subjective component. *Id.* To satisfy the objective component, the prisoner must have been exposed to a harm that was objectively serious. *Id.* (citing *Farmer*, 511 U.S. at 834). Under the subjective component, the prison official must have known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Farmer*, 511 U.S. at 837–38). That is, the official must have been "aware of facts from which the inference could be draft that a substantial risk of serious harm exists," and he must have "draw[n] th[at] inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). But liability does not attach if the prison official takes reasonable measures to abate the known risk. *Id.* (citing *Farmer*, 511 U.S. at 844).

Here, Plaintiff's allegations are insufficient to state a failure to protect claim against any defendant. Plaintiff generally notes that Defendants failed to properly classify him. Plaintiff alleges that another inmate attacked him. Plaintiff does not provide any facts showing that Defendants knew about any risk from an inmate or that they had any way to prevent the incident prior to it occurring. Plaintiff alleges that Defendants moved Plaintiff multiple times and kept him in a different cell from another inmate following an assault. Defendants therefore did not knowingly

disregard an excessive risk to Plaintiff's safety. Section 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle,* 599 F.3d 583, 588 (7th Cir. 2010). Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson,* 538 F.3d 763, 778 (7th Cir. 2008). No factual allegations show that any defendants were personally involved in Plaintiff's injury. As such, the Court finds that Plaintiff fails to state a failure to protect claim.

Similarly, Plaintiff may not proceed on an Eighth Amendment medical claim against any defendant. Plaintiff generally states that he has not been receiving adequate treatment for various issues. Plaintiff alleges that he received only minimal treatment immediately after an assault by another inmate; however, Plaintiff does not explain any injuries to show that he needed emergency immediate care. Plaintiff has not pled facts showing that seeing a nurse and doctor within a few days of his injury meant that any defendants were deliberately indifferent to a serious medical need. Additionally, Plaintiff includes no factual detail about how any defendant was personally involved in delaying his access to his medical inhaler. Plaintiff was previously warned of the need to explain a defendant's personal involvement in a constitutional violation. As such, the Court finds that Plaintiff may not proceed on a claim against any defendant for a medical claim.

## 2. CONCLUSION

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and the Court therefore finds that further

amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss the case for Plaintiff's failure to state a claim and will issue him a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.